Chester M. Harkins et al., [1] v. Commissioner. Harkins v. Commissioner
Docket No. 20145.
United States Tax Court
1952 Tax Ct. Memo LEXIS 87; 11 T.C.M. (CCH) 941; T.C.M. (RIA) 52278; September 18, 1952
*87 Douglas W. McGregor, Esq., for petitioners in Docket Nos. 20145 and 20750. Marvin K. Collie, Esq., for petitioners in Docket Nos. 20209; 20210 and 20211. M. C. Maxwell, Esq., and D. L. Bergeron, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent originally determined deficiencies in income tax as follows: Docket
Defi-
Petitioner
No.
Year
ciency
Chester M. Harkins
20145
1945
$1,374.37
1946
8,519.07
Mark S. Vermilye
20209
1945
1,376.74
Mark S. Vermilye and
Audrey Vermillye
20210
1946
8,456.32
Audrey Vermilye
20211
1945
1,418.94
Ines Harkins
20750
1945
1,374.37
On brief filed March 31, 1952, respondent states that the amounts of deficiencies are as follows: Petitioner
Year
Deficiency
Chester M. Harkins
1945
$1,257.43
Ines Harkins
1945
1,257.43
Chester M. & Ines Harkins
1946
7,050.96
Mark S. Vermilye
1945
1,265.36
Audrey Vermilye
1945
1,305.36
Mark S. & Audrey Vermilye
1946
6,919.73
He appended the following statement in explanation: "The above deficiencies are not those contained in the notices of deficiency sent to the petitioners. *88 The Commissioner, upon re-examination, determined that the allowable cost of goods sold should be increased for each year and, accordingly, has redetermined the deficiencies as above." Hearing was had and a stipulation of all the facts was submitted and briefs were filed by the parties. The issue as stated by respondent is: Are the amounts paid for automobiles in excess of the O.P.A. ceiling prices deductible in arriving at net income of an automobile dealer partnership? Respondent on brief adds the following statement: "Another issue raised by petitioner Chester M. Harkins for the year 1946 considered whether petitioner was liable for the entire community income where he had filed an individual return including all of the community income and including his wife as an exemption. Such issue is considered waived in the stipulation, wherein it recites that Chester M and Ines Harkins filed a joint return for 1946, inasmuch as the parties to a joint return are jointly and severally liable." The Court is in receipt of a letter, bearing date of September 12, 1952, signed by Charles W. Davis, Chief Counsel, Bureau of Internal Revenue, which reads as follows: "This is to inform *89 you that on September 4, 1952, this office announced its acquiescence in the decision of , with respect to any taxable period prior to the enactment of the Defense Production Act of 1950, as amended. Respondent, therefore, concedes the sole question at issue in the above dockets, namely, that amounts paid for automobiles in excess of the O.P.A. ceiling prices are deductible in arriving at net income of an automobile dealer partnership." The sole issue before us being conceded by respondent, decision on such issue is awarded to petitioners. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Mark S. Vermilye, Docket No. 20209; Mark S. Vermilye and Audrey Vermilye, Docket No. 20210; Audrey Vermilye, Docket No. 20211; and Ines Harkins, Docket No. 20750.↩